

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7376 | **DATE** | 3/29/2013 |
| **CASE TITLE** | DONALD JEFFRIES v. YASIR RAMOS | | |

**DOCKET ENTRY TEXT**

Defendant Yasir Ramos' motion to dismiss plaintiff's *pro se* complaint under Fed. R. Civ. P. 12(b)(3) and (6) [13] is denied. Defendant shall answer the complaint by April 8, 2013. **SEE BELOW FOR DETAILS.** On the court's own motion, the discovery and dispositive motion deadline is extended from April 30, 2013 to July 30, 2013. The parties shall present their joint final pretrial order and agreed pattern jury instructions on August 21, 2013 at 9:00 a.m.; plaintiff's draft pretrial order is due to defendant by August 12, 2013. The case is placed on the September trial calendar.

*Suzanne B. Conlon*

■ [For further details see text below.]

Notices mailed by Judicial staff.

**STATEMENT**

*Pro se* plaintiff Donald Jeffries sues Ramos under 42 U.S.C. § 1983 for alleged constitutional rights violations. He claims that in July or August of 2011, Ramos, a Chicago police officer, entered his apartment without a warrant and removed his personal belongings. Ramos moves to dismiss for improper venue and failure to state a claim upon which relief can be granted. Ramos' motion is denied. Venue is proper in this district because the events giving rise to plaintiff's claims occurred in Chicago. 28 U.S.C. § 1391(b)(2). Further, Ramos has not sufficiently demonstrated that dismissal of the complaint under Rule 12(b)(6) is warranted.

A complaint must contain a short and plain statement showing he is entitled to relief. Fed. R. Civ. P. 8(a)(2). At the pleading stage, Jeffries need only provide enough factual content to show his claim is "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations must give Ramos notice of the claim and must be sufficient to raise the possibility of relief above a speculative level. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The court accepts Jeffries' factual allegations as true and draws all reasonable inferences in his favor. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Jeffries' allegations that Ramos, a police officer, entered his apartment without a search warrant and removed his personal property are sufficient to state a plausible claim for relief under § 1983. Ramos has not identified deficiencies in the factual allegations. Instead, he argues Jeffries' pending state court action against him for trespass, wrongful eviction, and violations of Chicago's landlord-tenant ordinance requires dismissal of the federal complaint. Ramos cites no authority and develops no argument explaining why this court should dismiss Jeffries' federal complaint because of a similar pending state court action. Generally speaking, a pending state case does not bar a federal court action concerning the same matter. *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 645 (7th Cir. 2011). Jeffries has chosen to file his civil rights claims in federal court. In so doing, he accepts the risk that an unfavorable judgment in state court might preclude further litigation in federal court. *Id.* at 649.

Suzanne B. Conlon

| | Courtroom Deputy Initials: | MG |
|---|---|---|